THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00264-MR

| | |
|---|---|
| **SHAMEKA MONEE JETER,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **MARTIN O'MALLEY,** ) <br> **Commissioner of Social Security,** ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) [Doc. 24].

**I.  PROCEDURAL BACKGROUND**

On June 7, 2021, Plaintiff initiated this action seeking judicial review of the Commissioner's decision denying her application for benefits under the Social Security Act. [Doc. 1]. On August 16, 2022, the Court reversed the Commissioner's decision denying Plaintiff's application for benefits and remanded the case to the Appeals Council for further administrative action. [Docs. 17; 18]. On January 3, 2023, the Court awarded Plaintiff attorney's fees in the amount of $5,500.00 in full satisfaction of any and all claims by

Plaintiff pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"). [Doc. 23].

On October 27, 2023, the Commissioner issued a Notice of Award to Plaintiff stating that she was entitled to $29,035.52 in back benefits. [Doc. 25-2 at 2]. Twenty-five percent of this award, $7,258.88, is being withheld by the Commissioner to pay any award of attorney's fees to Plaintiff's counsel. Plaintiff and her attorney have a contingency fee agreement pursuant to which his fee award cannot exceed 25% of her past due benefits. [See Doc. 25-1]. In accord with this agreement, Plaintiff's counsel now seeks $7,258.88 in fees pursuant to 42 U.S.C. § 406(b)(1).[1]

## II.     DISCUSSION

There are two avenues by which a Social Security benefits claimant may be awarded attorney's fees. First, claimants may seek a fee award under the EAJA, which provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action . . . ." 28 U.S.C.

---

[1] Plaintiff made a typographical error in purporting to request $37,258.88 in fees on one page of her brief. [See Doc. 25 at 5]. However, the remainder of the brief and her motion make clear that she is actually requesting $7,258.88 in fees. [See Docs. 24; 25].

§ 2412(d)(1)(A). Second, a claimant may seek an award pursuant to 42 U.S.C. § 406(b), which provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A).

While attorney's fees may be awarded under both the EAJA and § 406(b), the Social Security Act requires that the attorney must refund to the claimant the smaller fee. "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." Stephens *ex rel.* R.E. v. Astrue, 565 F.3d 131, 134-35 (4th Cir. 2009) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002)).

Here, Plaintiff and her counsel entered into a contingency fee agreement by which she agreed to pay her counsel 25% of any past due benefits awarded. As the Fourth Circuit has recognized, "§ 406(b) was designed to control, not to displace, fee agreements between Social Security benefits claimants and their counsel. As long as the agreement does not call

3

for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, . . . § 406(b) simply instructs a court to review the agreement for reasonableness." Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (citation and internal quotation marks omitted).

The Court finds that the services rendered by Plaintiff's counsel here were appropriate and reasonable to the relief sought, and the contingency fee agreement executed by Plaintiff and her counsel is reasonable. Accordingly, Plaintiff's Motion for Attorney's Fees is granted.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) [Doc. 24] is hereby **GRANTED**, and an award of attorney's fees in the amount of Seven Thousand Two Hundred and Fifty-Eight Dollars and Eighty-Eight Cents ($7,258.88) pursuant to 42 U.S.C. § 406(b)(1)(A) is hereby **APPROVED.**

**IT IS FURTHER ORDERED** that upon receipt of the § 406(b) fees, Plaintiff's counsel is hereby instructed to return to Plaintiff the sum of $5,500.00, representing the fee that counsel previously received pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that a copy of this Order be provided to the Social Security Administration to effectuate payment of the award from past due benefits which have been withheld for such purpose.

**IT IS SO ORDERED.**

Signed: July 29, 2024

Martin Reidinger
Chief United States District Judge